FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 1 9 2005

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| MYRON ELDON BUTLER | § |
| VS. | §    CIVIL ACTION NO. 4:05cv27 |
| DOUG DRETKE | § |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Myron Eldon Butler, an inmate confined at the Michael Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed. The Magistrate Judge's recommendation is based on Petitioner's failure to exhaust state habeas remedies and because the claims are barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections should be overruled. Petitioner has failed to demonstrate he exhausted state habeas remedies. Further, petitioner did not timely present his petition.

The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (citation and internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). However, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation marks omitted).

Here, Petitioner has presented no more than a garden variety claim of excusable neglect. Petitioner has failed to demonstrate that exceptional circumstances prevented him from filing his petition within the statutory period of limitations. *Pro se* status does not excuse an untimely filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Petitioner did not diligently pursue his claims. As a result, the petition is barred by the statute of limitations.

O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this  19  day of  December , 2005.

PAUL BROWN
UNITED STATES DISTRICT JUDGE